15430

### CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA v. CLEVELAND ET AL.

(20 S. E. (2d), 811)

April, 1942. ██

374

*Messrs. Evans, Galbraith,* and *Holcombe,* of Spartanburg, counsel for appellant,

*Mr. J. Davis Kerr,* of Spartanburg, counsel for respondent, Catherine M. Cleveland,

June 16, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

After hearing this controversy on circuit, Judge Mann commented that upon studying the record and considering the arguments of counsel he was convinced that the Master's report is correct, whereupon he adopted the latter as his judgment. We are constrained after consideration to do likewise.

It may reasonably be suspected that had the testator foreseen the untimely death of his only son, he would have provided for the continuance of the monthly allowance to the infant child of the latter, and the boy's grandmother could well spare this comparatively small sum from her large income under the will, but as is clearly set forth by the Master, to so provide by construction would be to rewrite the will, which the Court cannot do.

The pertinent part of the report follows:

"My sole purpose in this report is to dispose of one issue and that is as to whether or not Robert Myers Cleveland, Jr., is entitled to the sum of One Hundred and No/100 ($100.00) Dollars per month from the income of the trust estate. This amount was provided in the will of R. B. Cleveland for his son during the lifetime or widowhood of Mrs. Catherine M. Cleveland. Should the grandson succeed his father as to this provision?

"Following is the portion of the will wherein a trust was created and which, I think, should be quoted in full in order to obtain a proper understanding of the issue involved:

" 'Item 2. I bequeath and devise all of my property, both real and personal, of whatsoever nature or kind and wheresoever situated, unto the Citizens & Southern Bank, Spartanburg, South Carolina, as Trustees for the following uses and purposes, to wit: That my said Trustee and its successors shall assume absolute management of my property by renting any portion of same, collecting the rents therefrom, receiving money on good real estate or bond securities and otherwise handling and managing my property in the exercise of its best judgment as to produce reasonable returns, and I do further direct that they shall pay the income of the said trust fund, after payment of taxes, necessary expenses, etc., as follows: The sum of One Hundred and no/100 ($100.00) Dollars per month, payable monthly, to my son, Robert Myers Cleveland, which payments shall be made to him during the lifetime or widowhood of his mother, Catherine M. Cleveland, and at her death or remarriage said pay-

ments to cease. The balance of said income to be paid to my wife, Catherine M. Cleveland, for and during the remainder of her natural life, if she shall so long continue my widow, and after her death or remarriage, my said Trustee shall pay the said income in equal portions to my two children, Caro Virginia Powell and Robert Myers Cleveland, for the balance of their natural lives.

"'Should one of my children predecease the other, leaving no child surviving him or her, as the case might be, I will and direct that my Trustee shall pay to the survivor, all of the income from the trust herein created by me, but should either of my said children die, leaving children surviving them, then I will and direct that my Trustee shall pay to the child or children of such deceased child the share to which it or their parent was entitled. After the death of both of my children above named, I direct my Trustee to pay the income from the said trust estate to the child or children of my deceased children per stirpes until the youngest child of my two aforenamed children reaches the age of twenty-one years, at which time all of the property herein devised in trust shall vest in fee simple freed and discharged of any trust in those who according to the Statute of Distribution shall be entitled thereto. In the event that both of my said children shall die, leaving no child or children, then on the death of the survivor of the two, I direct that all of my said property shall vest in fee simple, and freed and discharged of all trust in those who are entitled to same under the Statute of Distribution.'

"It is the contention of the defendant, Robert Myers Cleveland, Jr., that, when a proper construction of the will under consideration is given, after the death of his father he should receive One Hundred and no/100 ($100.00) Dollars per month income during the life or widowhood of Mrs. Catherine M. Cleveland. There are certain other questions raised by this defendant but it seems to me that a full disposition of the contention just referred to should first be made.

"In the construction of a will it is a well-established rule of law that the Court should seek to ascertain the intention of the testator and endeavor to have the will carry out such intention providing such an act would not be in conflict with the existing law having to do with the construction of wills. In the case of *Patterson v. Cleveland,* 165 S. C., 266, 163 S. E. [784], 786, the Court says:

" 'Although many principles have been promulgated by the judiciary to aid in the proper construction of wills, it needs no citation of authority for the assertion that "all rules of construction are designed to ascertain and give effect to the intention of the testator" that they must be harmonized with this underlying principle, and that they are not to be applied if the testator's intention is shown to be contrary to them. If, however, in such a cause as this, a cardinal rule of construction be found to be in accord with the manifest intention of the testator, as gathered from his testament, both the rule and the intent of the donor must be given full force and effect.'

"The intention must necessarily be gathered from the language employed in the will and if such language is vague, then, in that event, certain circumstances surrounding such execution may be utilized. The attorney representing the minor defendant, both from the standpoint of testimony and in his argument, dealt with the circumstances surrounding this case to considerable extent. However, it appears to me that such circumstances indicated more as to what the testator should have done with reference to his infant grandson than what was shown to be his intention.

"I believe it would be necessary to use considerable imagination in order to give to the will the construction as claimed for by this defendant. Mr. R. B. Cleveland created a trust estate from which One Hundred and No/100 ($100.00) Dollars per month of the income was to be paid to his son during the lifetime or widowhood of the testator's widow. No further reference is made to the One Hundred and

No/100 ($100.00) Dollars per month in the will. However, it is further provided that Mrs. Catherine M. Cleveland is to have the income from the estate during her lifetime or widowhood after which it is to be divided equally between his two children. In the event either child should die leaving no children the income was to redound to the benefit of the other surviving child. It is further stated that if either the son or the daughter should die leaving children said children should take the part therein provided for the parent.

"There is absolutely no connection as I view the matter between the devise of One Hundred and No/100 ($100.00) Dollars per month to be paid to R. M. Cleveland and the provisions whereby he and his sister are to have the income from the estate after the death of their mother. The One Hundred and No/100 ($100.00) Dollars per month is a provision purely personal to Robert M. Cleveland and at his death it seems to me to be inescapable that this legacy must end. Mr. R. B. Cleveland was an intelligent business man whose experience in estate matters was very broad and varied. He knew what he wanted to do with his property and fully appreciated the effect of the language employed in his will. It probably would have been a very commendable idea on his part for him to have made the provision for the grandson as is claimed was made. However, in my opinion, this was not done and under no circumstances can such intention be read into the will. Robert M. Cleveland had married several years before the death of his father and his only child was two years old when his grandfather died. Mr. Robert B. Cleveland, therefore, was thoroughly familiar with all the circumstances surrounding both his son and this defendant and he had every opportunity to either execute a new will or add a codicil to the present one whereby such provision could have been made compatible with the changed conditions. No such provision was made and the testator had his own reason for such failure on his part. What that reason was is not a matter here to

be discussed. The simple facts are that the testator died leaving the will as we now find it and it is the duty of this Court to carry out its provisions there incorporated.

"I must, therefore, find and so recommend that the defendant Robert Myers Cleveland has no interest in the One Hundred and No/100 ($100.00) Dollars per month devise from the income of the trust estate, but instead, the payment of the One Hundred and No/100 ($100.00) Dollars should cease at the death of the beneficiary, R. M. Cleveland, Sr. Having reached that conclusion it is unnecessary to make any recommendation with reference to whether or not the monthly income should accrue from the date of the testator's death or from the end of the administrative year. Nor is it necessary to discuss the matter of interest on the legacy or whether or not it is exempt from the debts of the estate, expenses of administration and succession taxes."

Exception overruled and judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MR. ASSOCIATE JUSTICE FISHBURNE, and CIRCUIT JUDGES PHILIP H. STOLL and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.